1
2
3
4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

5

6

7

8

9

10

| UNITED STATES OF AMERICA, | ) | NOS.   CR-08-2085-WFN-1 |
| | ) | CR-08-2109-WFN-1 |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | ORDER |
| JOSE IVAN LARIOS-NAVARRO, | ) | |
| | ) | |
| Defendant. | ) | |

11      A pretrial conference and motion hearing was held May 18, 2009.  The Defendant,

12  who is in custody, was present and represented by Amanda Stevens; Assistant United States

13  Attorney Alexander Ekstrom represented the Government.  The Court addressed Defendant's

14  Motion to Reconsider (Ct. Rec. 116).  After further reflection, the Defendant decided to have

15  Ms. Stevens continue her representation.    The parties will either go trial as scheduled or

16  enter into a plea agreement.  If they would like to set a change of plea hearing, they will

17  notify the Court.  The Court suggested that June 29, 2009 is an available date.

18      The Court has reviewed the file and Motion and is fully informed. This Order is

19  entered to memorialize and supplement the oral rulings of the Court.  Accordingly,

20      **IT IS ORDERED** that:

21      1.   Defendant's Motion to Reconsider, filed April 21, 2009, **Ct. Rec. 116**, is **DENIED**

22  **AS MOOT**.  The Court already granted the Motion to Withdraw in Ct. Rec. 129. This ruling

23  disposes of the reserved portion of that Motion.

24      2.   Trial briefs, motions in limine, requested voir dire, witness and exhibit lists, and

25  a set of proposed **JOINT JURY INSTRUCTIONS** shall be filed and served on or before

26  **August 31, 2009**.

ORDER - 1

Jury instructions should only address issues that are unique to this case, and shall include instructions regarding the elements of each claim, any necessary definitions and a proposed verdict form.  The Joint Proposed Jury Instructions shall include:

(a)   The instructions on which the parties agree; and

(b)   Copies of instructions that are disputed (i.e., a copy of each party's proposed version of an instruction upon which they do not agree).  All jury instructions from the most current edition of the Ninth Circuit Manual of Model Jury Instructions may be proposed by number.  The submission of the Joint Proposed Jury Instructions will satisfy the requirements of LR 51.1(c).

Each party shall address any objections they have to instructions proposed by any other party in a memorandum.  The parties shall identify the specific portion of any proposed instruction to which they object and shall elaborate the basis for the objection.  Objections asserting that an instruction sets forth an incorrect statement of law shall describe the legal authority that supports this objection.  Failure to file an objection and supporting argument may be construed as consent to the adoption of an instruction proposed by another party.

3.   The following procedures shall be utilized at trial:

(a)   The Court will conduct the majority of jury voir dire but allow counsel 10 minutes to ask additional questions or to do more in depth exploration of issues raised by the Court;

(b)   A total of 14 jurors will be selected.  Plaintiff shall have 7 peremptory challenges; Defendant shall have 11 peremptory challenges.  The challenges shall be exercised simultaneously.

(c)   Regular trial hours shall be from 8:30 a.m. to 12:00 noon, and 1:00 to 4:30 p.m.;

(d)   The jurors will be provided with notebooks for note-taking and a copy of preliminary instructions;

ORDER - 2

(e)    Documents published to the jury by counsel shall be collected at the conclusion of trial each day or following a witness's testimony regarding the published document;

(f)    Examination of witnesses shall be limited to direct, cross, redirect and recross. FED. R. EVID. 611(a);

(g)    Counsel are encouraged to limit requests for sidebars by anticipating legal and evidentiary issues so that the issues may be addressed before trial begins each day, during the lunch hour, or after trial hours;

(h)    During trial, counsel are encouraged to exchange lists of the next day's witnesses and exhibits so that objections or legal issues may be anticipated and resolved outside the normal trial hours;

(i)    Counsel shall have the next witness to be called to testify available outside the courtroom, to avoid delay; and

(j)    If the Defendant is represented by CJA appointed counsel, the indigent Defendant's requests for issuance of subpoenas and payment of costs and fees for trial witnesses shall be filed no later than ten (10) days before trial, excluding weekends and holidays.  Defense counsel may request, as needed, that the motion and order be filed under seal.  Defense counsel shall prepare a proposed order that includes the following language:

1)    That the United States Marshal shall serve the subpoenas on the witnesses identified by name, address and phone number.  The subpoena shall state when the witnesses' appearance is requested;

2)    The subpoenaed individual shall contact the United States Marshal in the District in which they are served so that the Marshal may make travel arrangements, for those witnesses requiring such arrangements;

3)    Defense counsel shall contact the Case Administrator in the District Court Executive's office, 509-458-3400, to obtain information on how to make lodging arrangements for those witnesses requiring lodging; and

4)    Any witness fees and per diem allowances shall be paid by the Government after the witness has testified.  Requests for advance payment shall be directed to the United States Marshal in the district in which the witness is

ORDER - 3

served or the United States Marshal in the district in which the witness is present to provide testimony.

(k)    Counsel are informed that no CJA money is available to pay per diem expenses for indigent Defendants.  Should an indigent Defendant require transportation to the trial, housing and meals during the trial, defense counsel shall apply for such travel and costs no later than ten (10) days, excluding weekends and holidays, prior to the date of the trial.

4.  If the parties wish to schedule a change of plea hearing they shall contact the Court. The Court will be in available on June 29, 2009.

5.  All time from the Court's receipt of the proposed plea agreement to be entered into by the Defendant and the attorney for the Government until the change of plea or formal notice that the Defendant will not enter a change of plea, will be **EXCLUDED** for speedy trial purposes pursuant to 18 U.S.C. § 3161(h)(1)(I).

6.  The Government is reminded that the Speedy Trial clock will not be tolled until a draft of the plea agreement has been submitted to the Court.

The District Court Executive is directed to file this Order and provide copies to counsel.

**DATED** this 18th day of May, 2009.


                                          s/ Wm. Fremming Nielsen
                                    WM. FREMMING NIELSEN
05-18                               SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 4